IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SERGIO L. CARREON,

        Plaintiff,

v.

ALZA CORPORATION, et al.,

        Defendant.

No. C 09-5623 RS

**ORDER DENYING MOTION TO REMAND**

## I. INTRODUCTION

This case presents the difficult question of assigning responsibility for the tragic death of plaintiff's wife, who allegedly suffered an overdose of the drug Fentanyl from transdermal patches she was wearing by prescription. Plaintiff, a Texas resident, contends the overdose resulted from a defect in Fentanyl patches designed, manufactured, and marketed by defendants Sandoz, Inc, a Colorado corporation, and Alza Corporation, a California corporation.

The present motion, however, presents only the more mundane question of whether this matter should be litigated in this Court or in the state court forum plaintiff originally selected. There should be no argument that the case could have been filed here in the first instance, as complete diversity exists between the parties, and the amount in controversy is sufficient to support jurisdiction. Plaintiff contends, however, that defendants had no right to *remove* the action based on diversity, because defendant Alza is a California resident.

The plain language of the removal statute permits removal where no defendant who has been "properly joined *and served*" is a resident of the forum. 28 U.S.C. §1441(b) (emphasis added). Because it is undisputed that Alza had not yet been served when this action was removed, and because plaintiff has not presented sufficient authority or grounds for disregarding the statutory language, the motion to remand will be denied. The matter has been submitted without oral argument, pursuant to Civil Local Rule 7-1(b).

## II. BACKGROUND

As noted above, plaintiff is a Texas resident, who alleges that his wife died as the result of a defect in Fentanyl patches produced by defendants. Plaintiff asserts that the patches have been the subject of prior recalls and an FDA investigation into defendants' manufacturing process and quality control procedures. Plaintiff contends the patches are subject to leaking excessive doses of Fentanyl, which can be fatal.

Plaintiff filed suit in Santa Clara Superior Court on September 14, 2009. Approximately three weeks later, plaintiff provided copies of the complaint to defendants' counsel, requesting counsel to accept service. Defense counsel declined to do so. Approximately seven weeks later, plaintiff had still not effected service on either defendant. At that point, on November 30, 2009, defendant Sandoz appeared in the action and filed its notice of removal.

## III. DISCUSSION

The sole controversy presented by this motion is whether this Court should follow other decisions in this district in applying the language of Section 1441(b) literally, or follow the lead of certain courts outside this district that have chosen to disregard the statutory language in the interest of discouraging "gamesmanship" by defendants. Plaintiff acknowledges that removal was proper here if the words of the statute are taken at face value.[1] Courts in this district have routinely applied

---

[1] Plaintiff repeatedly asserts that "diversity jurisdiction" is lacking in this case. Plaintiff appears to mean only that defendants have, in plaintiff's view, circumvented the *intent* of section 1441(b) to preclude removal on the basis of diversity where at least one non-sham defendant is a forum resident. Plaintiff does not dispute that there is complete diversity of citizenship between him, on the one hand, and the defendants, on the other hand. Technically, the Court will not be exercising

2

the statute as it is written. See, e.g., *City of Ann Arbor Employee's Retirement Sys. v. Gecht*, 2007 WL 760568 (N.D. Cal. 2007) (Chen, J.); *Waldon v. Novartis Pharms. Corp.*, 2007 WL 1747128 (N.D. Cal. 2007) (Jenkins, J.); *Perez v. McNamee*, 2006 WL 3462791 (N.D. Cal. 2006) (Wilken, J.); *Republic Western Insurance Co. v. International Insurance Co.*, 765 F.Supp. 628 (N.D.Cal.1991) (Ware, J.).

Plaintiff contends that these cases have been rejected in other districts within California and elsewhere. For example, plaintiff cites *Sullivan v. Novartis Pharmaceuticals Corp.*, 575 F.Supp.2d 640 (D.N.J. 2008), where the court took issue with the *Gecht* decision's observation that Congress could have written the statute differently had it wanted to avoid situations like that presented here. Calling that "untrue," the *Sullivan* court asserted that "Congress could not possibly have anticipated the tremendous loophole that would one day manifest from technology enabling forum defendants to circumvent the forum defendant rule by, inter alia, electronically monitoring state court dockets." 575 F.Supp. 645. While it may be true that Congress could not have foreseen that certain technological changes might foster new forms of potential "gamesmanship," nothing precludes Congress from amending the statute if a significant problem has now actually arisen; indeed, that is the essence of the legislative function.

Furthermore, despite plaintiff's cries of gamesmanship and his contention that a literal reading of the statute produces "absurd results," nothing in the facts of this case rises to the level of "rare and exceptional circumstances" that would justify a departure from the plain language of the statute. See *Gecht*, 2007 WL 760568, at *8 (citing *Demarest v. Manspeaker*, 498 U.S. 184, 190, (1991)). Defendants here did *not*, for example, rush to remove the action before plaintiff had any opportunity to serve them, thereby engaging in "gamesmanship." Rather, plaintiff could have avoided this outcome by effecting service on Alza at any time during the approximately two and one-half months between the time the case was filed and when it was removed.

---

"diversity jurisdiction" in this case, because it was not initiated here. Rather, the Court has *removal* jurisdiction, based on the diversity of the parties, pursuant to section 1441.

## IV. CONCLUSION

The motion to remand this action to Santa Clara Superior Court is denied.

IT IS SO ORDERED.

Dated: 02/09/2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE